## Case No. 14,735.

### UNITED STATES v. CARRIGO.

[1 Cranch, C. C. 49.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

JURY — PEREMPTORY CHALLENGE — EVIDENCE — GENERAL BAD CHARACTER.

1. Peremptory challenge allowed only in capital cases, in Alexandria.

2. The United States cannot give evidence of the general bad character of the prisoner, unless the prisoner should first bring evidence to support his character

[Cited in U. S. v. McPherson. Case No. 15,-703.]

Indictment, under the act of congress of 1790 (1 Stat. 112), for stealing.

Edward J. Lee, for prisoner [Michael Carrigo], contended that he had a right to a peremptory challenge. He contended that the prisoner was charged with felony; and by the law of Virginia (Rev. Code, 110) "no person charged with murder or felony shall be admitted to a peremptory challenge of more than twenty," which implies the right peremptorily to challenge that number. A felony is such an offence as by the common law worked a forfeiture of goods or chattels, or both. If a statute changes the punishment and takes away the forfeiture, the offence does not thereby cease to be a felony.

Mr. Mason, for the United States, cited 2 Hawk. P. C. pp. 580, 581.

THE COURT decided that in cases not capital the prisoner has not a right to the peremptory challenge.

THE COURT refused to permit the attorney for the United States to bring evidence of the general bad character of the prisoner, unless the prisoner should first bring evidence in support of his general character.